UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE *individually and as legal guardian of Jane Doe II, a minor, and as trustee of Jane Doe II's trust*, | § § § § | |
| Plaintiff, | § | No. 3:12-cv-03703-M |
| v. | § § § | |
| THE PARISH DAY SCHOOL OF THE EPISCOPAL CHURCH OF THE TRANSFIGURATION, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand [Docket Entry #5], filed by Plaintiff Jane Doe individually and as legal guardian of Jane Doe II, a minor, and as trustee of Jane Doe II's trust ("Plaintiff"). For the reasons set forth below, the Motion is **GRANTED**.

On July 31, 2012, Plaintiff filed suit against Defendant, The Parish Day School of the Episcopal Church of the Transfiguration ("Parish") in Dallas County Court alleging, among other things, negligence and gross negligence in the treatment of its student, Jane Doe II. Pl.'s Pet. 1, 12–13. On September 11, 2012, Parish removed the action to this Court, arguing that Plaintiff's claims necessarily implicated the Americans with Disabilities Act ("ADA"), and therefore gave rise to federal question jurisdiction. Notice of Removal 2–4. Plaintiff moves to remand, arguing that her claim does not implicate a federal question, and that this Court therefore lacks subject matter jurisdiction. Pl.'s Mot. 1–7.

Section 1441(a) of Title 28 authorizes a defendant to remove to federal court any civil action brought in state court over which the district court has original jurisdiction. 28 U.S.C.

§ 1441(a). District courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal question arises when the "well-pleaded complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). A complaint that on its face contains only state-law causes of action creates federal question jurisdiction when "(1) a federal right is an essential element of [a plaintiff's] state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001).

Here, Plaintiff's Petition makes no explicit claim under, or reference to, any federal law, but Parish asserts that Plaintiff's negligence claim is in fact an ADA failure-to-accommodate claim, and that "resolution of the claim depends entirely upon whether Parish owed Ms. Doe's daughter an accommodation under Title II of the ADA."[1] Notice of Removal 3, 4. In support of this proposition, Parish cites *Grodi v. Mandalay Resort Group, Inc.*, No. 2:03CV112-D-A, 2003 WL 22244048 (N.D. Miss. Aug. 4, 2003). In *Grodi*, the plaintiffs pleaded that the defendant had failed to comply with the ADA, and that such non-compliance constituted negligence *per se*, under Mississippi law. *Grodi*, 2003 WL 22244048, at *1. To establish negligence *per se*, plaintiffs had to prove that defendants had violated the ADA. Unsurprisingly, the *Grodi* court determined that the ADA was a substantial and essential element of the plaintiffs' claim, that interpreting it was necessary to resolve the case, and therefore, that it had subject matter jurisdiction. *Grodi*, 2003 WL 22244048, at *3.

---

[1] Plaintiff asserts a number of claims, but Parish argues only that the claim for negligence and gross negligence implicates federal law.

Unlike the *Grodi* plaintiffs, Plaintiff here does not reference the ADA as the underlying source of her claim. In fact, there is nothing in Plaintiff's claim that suggests the ADA is an element of Plaintiff's claim, nor that proof that it was or was not violated is necessary to resolve it.

Nonetheless, Parish suggests that a complaint need not explicitly reference a federal statute in order to establish federal question jurisdiction. To support this argument, Parish cites two cases, *Perkins v. Alamo Heights Indep. Sch. Dist.*, 204 F. Supp. 2d 991 (W.D. Tex. 2002), and *Hall v. City of Alexandria*, 111 F. Supp. 2d 785 (W.D. La. 2000). In those cases, two district courts determined that the plaintiffs had pled federal causes of action, although their complaints made no mention of federal law. In reaching their conclusions, however, both courts found it "important" that the plaintiffs had requested relief that was available only under federal law. *Perkins*, 204 F. Supp. 2d at 996; *Hall*, 111 F. Supp. 2d at 788.

The Court finds the cases cited by Parish to be inapposite. First, neither *Perkins* nor *Hall* is binding on this Court. Second, unlike the plaintiffs in those cases, Plaintiff does not seek relief available only under federal law, nor does she give any other indication that she intended to assert a federal claim. Contrary to Parish's assertions, it is not the case that the essence of Plaintiff's negligence claim necessarily arises under the ADA because no such claim exists under state law. Plaintiff's claim is one for negligence, and requires plaintiff to establish only that Parish owed Plaintiff a duty of reasonable care, that it breached that duty, and that the breach proximately caused Plaintiff's damages. *Preasel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998). The Court is aware of no Texas law that necessarily precludes a finding of negligence as alleged without proof of an ADA violation.

Thus, the Court concludes that the ADA is not an essential element of Plaintiff's claim,

that interpreting the ADA is not necessary to resolve the case, and that the case involves no substantial question of federal law, nor any claim arising under federal law. *See Howery*, 243 F.3d at 918. Since diversity of citizenship is not present, this Court lacks jurisdiction. Accordingly, this case is **REMANDED** to County Court at Law No. 1, Dallas County, Texas.

The Court further concludes that Parish lacked "an objectively reasonable basis for seeking removal," and thus **ORDERS** Parish to pay Plaintiff her reasonable attorney's fees and costs incurred as a result of this removal. *See* 28 U.S.C. 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (award of costs appropriate "where the removing party lacked an objectively reasonable basis for seeking removal"). Plaintiff shall submit by affidavit documents establishing such fees within twenty-one days of the date of this Order. Parish may respond within fourteen days thereafter.

**SO ORDERED**.

January 11, 2013.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**